UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 24-CR-10291-AK-DLC |
| DAVID WALKER, | ) |
| | ) |
| Defendant | ) |

**<u>PROTECTIVE ORDER</u>**

Upon consideration of the government's assented-to motion seeking a protective order (ECF No. 19), the Court hereby ORDERS:

CATEGORY ONE: PROTECTED INFORMATION

1. The government agrees to provide unredacted discovery, that will be subject to the following rules and marked "CONTENTS SUBJECT TO PROTECTIVE ORDER" This discovery will be limited and will only include materials that containing identifying information of the victim, including materials containing photographs or video recordings of the victim:

    a. Items marked for "CONTENTS SUBJECT TO PROTECTIVE ORDER" may only be viewed by members of the Defense Team. For purposes of the Protective Order, the term "Defense Team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or offices who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case—all of whom have been advised of their obligations

1

under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "Defense Team" does not include the defendant, the defendant's family members, or any other associates of the defendant.

  b. Defense counsel shall maintain all discovery in this case in a secure place and shall restrict viewing and distribution of discovery in this case and disclosure of information concerning victims in this case only to the Defense Team.

  c. Defense counsel shall treat contact information for and the location of victims, whether obtained through information disclosed by the government or information independently acquired by defense counsel, as "CONTENTS SUBJECT TO PROTECTIVE ORDER" and restrict access to members of the Defense Team.

  d. Discovery materials may not be copied or reproduced except as reasonable for use by the Defense Team, and copies must be treated as an original.

  e. Most materials marked "CONTENTS SUBJECT TO PROTECTIVE ORDER" will be provided in a second redacted form to counsel to provide to the defendant.

  f. If there is no way in which a document or item could be redacted such that a victim's identifying information will be protected from the defendant, the government will notify defense counsel, in writing, that it does not intend to produce a redacted copy.

  g. While members of the defense team may discuss the contents of items marked "CONTENTS SUBJECT TO PROTECTIVE ORDER" with the defendant, they are expressed from showing or leaving a copy of the materials with the defendant.

2. If the Defense disagrees with the Government's decision to designate certain material as "CONTENTS SUBJECT TO PROTECTIVE ORDER" or to decline to produce a redacted copy, the Defense may notify the Government in writing. If the Government does not agree to withdraw the designation, the parties shall put the matter before the Court.

## CATEGORY TWO: GENERAL DISCOVERY

3. The Government will provide discovery that does not need to be designated as "CONTENTS SUBJECT TO PROTECTIVE ORDER" and thus may be shared in unredacted form with the defendant.

## CATEGORY THREE: FILING OBLIGATIONS

4. The parties shall not disclose the identity of any victim in open court or any public court filing. In all filings with the Court, all parties shall refer to the victim as "Victim 1".

## GENERAL PROVISIONS

5. Defense counsel must advise the defendants of this order and direct them not to violate it.

6. Nothing contained herein shall preclude the government, defendants or their counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the government or the defendant, or with respect to the government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements

to the government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the government, the defendants or their counsel, or their respective assistants, obtain prior permission of this Court.

10. Should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the government within ten (10) days.

11. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information materials upon the conclusion of appellate and post-conviction proceedings.

12. The parties retain the right to move the Court for a modification of the terms of this Protective Order in the future.

_____
HON. DONALD L. CABELL
U.S. CHIEF MAGISTRATE JUDGE

Date: October 18, 2024